UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDWEST V, LLC,

    Plaintiff,

v.

NOTTAWA, TOWNSHIP OF, et al.,

    Defendants.
_____/

Case No. 1:22-cv-884

HON. JANE M. BECKERING

**OPINION AND ORDER**

Pending before the Court in this closed action is a combined motion to intervene and for temporary restraining order (TRO) and preliminary injunction (ECF No. 18) filed by John Coomer, Mark Schrock, Leroy Detweiler, Merle Schwartz, and George Wolfinger ("Proposed Intervenors"). Plaintiff Midwest V, LLC filed a response in opposition (ECF No. 20) and Defendants Nottawa Township (the "Township") and Nottawa Township Board of Trustees (the "Board") filed a response in opposition (ECF No. 21). Having considered the parties' submissions, the Court concludes that oral argument is not necessary to resolve the issues presented. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the motion to intervene is denied, and the motion for TRO and preliminary injunction is denied as moot.

**I. Factual & Procedural Background**

Plaintiff Midwest V, LLC initiated this lawsuit against Defendants Nottawa Township, a municipal corporation, and Nottawa Township Board of Trustees, a political subdivision of Nottawa Township (Compl. [ECF No. 1]). Plaintiff owns a 1.6-acre parcel along M-86 in Sturgis, Michigan, that it seeks to develop into a Dollar General store (*id*. ¶¶ 7, 11–13). However, the

parcel was zoned agricultural, and the Township Zoning Ordinance ("Ordinance") did not permit commercial use of the parcel (*id.* ¶¶ 8, 16). To that end, Plaintiff petitioned to rezone the parcel from agricultural to commercial, consistent with the Township's "2021 Master Plan" and Plaintiff's Site Plan Application (*id.* ¶¶ 18–20). On July 19, 2022, the Township's Planning Commission held a public hearing regarding the zoning change and to review the site plan (*id.* ¶ 21). The Township Deputy Zoning Administrator Doug Kuhlman submitted a report recommending granting the zoning change, highlighting the Township's Master Plan's goal of commercially developing properties along M-66 and M-86 (*id.* ¶¶ 22–23). The Planning Commission approved Kuhlman's Findings of Fact and recommended approval of the site plan (*id.* ¶ 29).

At the public hearing, "some members of the public voiced their opposition to the zoning change" (Compl. ¶ 29). Despite its approval of the Findings of Fact supporting the rezoning, the Planning Commission voted to recommend that the Board deny Plaintiff's requested zone change and voted to deny Plaintiff's site plan (*id.* ¶¶ 30–31). Kuhlman and the St. Joseph County Planning Commission conducted a review of the denial of Plaintiff's requested zone change and noted that the Finding of Facts did not support the Planning Commission's denial of the rezoning request (*see id.* ¶¶ 32–40). On August 25, 2022, a second public hearing was held, and the Board denied the zoning request (*id.* ¶ 54).

On September 22, 2022, Plaintiff brought this action against Defendants asserting violations of Plaintiff's substantive due process rights and equal protection rights arising from Defendants' denial of the rezoning request (Compl. at PageID.10–13). On October 17, 2022, default was entered against Defendants for failure to defend (ECF No. 9, corrected by ECF No. 11). On November 2, 2022, Plaintiff and Defendants filed a "Stipulation Regarding Resolution of

Pending Default" stipulating that Defendants may respond to the Corrected Entry of Default by December 30, 2022, and indicating that the parties "communicated and are hopeful that all issues may be resolved without further litigation (ECF No. 12 at PageID.257). The Court granted the stipulation the next day (ECF No. 13). On December 21, 2022, the parties filed a second stipulation, which the Court granted, extending the deadline for Defendants to respond to the Corrected Entry of Default or for the parties to notify the Court of settlement from December 30, 2022 to February 28, 2023 (ECF No. 14; 12/22/22 Order, ECF No. 15). The parties' stipulation expressly stated: "At this point, the Parties believe they have reached a settlement, but that settlement cannot be finalized until presented to and voted upon the Township Board of Trustees" (ECF No. 14 at PageID.263).

On January 17, 2023, Plaintiff and Defendants filed a proposed consent judgment (ECF No. 16).[1] On January 19, 2023, the proposed consent judgment was entered, settling the matter and terminating the action (Consent J., ECF No. 17). The Consent Judgment indicated that the parties settled the dispute, and bound the parties, in pertinent part, as follows:

> … The parties are entering into this Consent Judgment to resolve any and all disputes between them and avoid the ongoing costs, inconvenience, time and drain on resources that accompanies litigation.
>
> … The parties agree that, notwithstanding the current zoning or any future zoning of the Property, the Property may be used or developed as provided in this Consent Judgment consistent as if the Property was zoned for commercial use.

(*id.* at PageID.283). The Consent Judgment released all claims and dismissed the action "without costs or attorney's fees to any party" (*id.* at PageID.285). Further, the Consent Judgment agreed to the following "Features of Development:"

---

[1] Defendants, in their response to the motion at bar, represent that the Board approved of the Consent Judgment in a "properly noticed public hearing" on January 16, 2023 (*see* ECF No. 21 at PageID.497).

      a.  The Development, including all associated parking, storage, structures or buildings of any kind, shall be located on the 1.6 acres identified in this Consent Judgment.
      b.  The Development shall be substantially similar to the site plan submitted to the Township a copy of which is attached hereto as **Exhibit B.**
      c.  Subject to paragraph 5 below ("Conflicting Provisions"), the Development will meet all parking, lighting and sign requirements.
      d.  Plaintiff agrees to provide sufficient buffers on the eastern side of the Property, in the form of berms or landscaping or other appropriate form, to reasonably shield the neighboring residence from visibility and prevent debris from blowing from Plaintiff's commercial development onto the residential property.

(*id.* at PageID 272).

On February 14, 2023, Proposed Intervenors, five citizens of Nottawa Township, filed a Motion to Intervene (ECF No. 18) seeking a TRO and preliminary injunction based on the Consent Judgment's alleged violation and infringement of their rights. Specifically, Proposed Intervenors seek to protect their interests in their "rights of referendum; fair and equal application of the law including the Michigan Zoning Enabling Act, [MICH. COMP. LAWS. § 125.3101, *et. seq.*], and the Nottawa Township Zoning Ordinances;" and substantive due process and equal protection rights arising from the Fourteenth Amendment (ECF No. 18 at PageID.293–294). Proposed Intervenors represent that, of Nottawa residents Coomer, Schrock, Detweiler, Schwartz, and Wolfinger, Schrock's "property is directly next to the property owned by Plaintiff with line of site" and Schwartz's "property is directly across the street from the property owned by Plaintiff" (ECF No. 18 at PageID.302–303, ¶¶ 1–5).

Proposed Intervenors seek intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or alternatively, permissive intervention under Rule 24(b)(2) (ECF No. 18 at PageID.294). Proposed Intervenors also seek a TRO and preliminary injunction restraining and enjoining Plaintiff from engaging in construction, development, or substantive changes to the property at the subject parcel and staying the enforcement and reliance upon the Consent Judgment

4

issued in this case (*id.* at PageID.294–295).  Last, Proposed Intervenors attached to their motion a proposed Answer to Plaintiff's Complaint (ECF No. 18-1) and a proposed Motion for Relief from Judgment pursuant to FED. R. CIV. P. 60(b) (ECF No. 18-2).  Pursuant to this Court's February 17, 2022 Order (ECF No. 19), Plaintiff and Defendants filed responses in opposition to the instant motion (ECF Nos. 20 & 21).

## II.  Discussion

### A.  Plaintiff's Motion to Intervene

#### 1.  Intervention of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  To succeed on such a motion, the movant must demonstrate that: "1) the [motion] was timely filed; 2) the [movant] possesses a substantial legal interest in the case; 3) the [movant's] ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the [movant's] interest."  *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011).  "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule."  *Id.*

##### a.  Timeliness

First, in determining whether a motion to intervene is timely, the Court looks to the following five factors:

   (1)   the point to which the suit has progressed;
   (2)   the purpose for which intervention is sought;
   (3)   the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;

5

    (4)    the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and

    (5)    the existence of unusual circumstances militating against or in favor of intervention.

*In re Auto. Parts Antitrust Litig., End-Payor Actions*, 33 F.4th 894, 901 (6th Cir. 2022) (citations omitted). "No one factor is dispositive, but rather the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Blount-Hill*, 636 F.3d at 283 (quotation omitted). *See United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2013) ("[T]imeliness is a matter within the sound discretion of the court[.]").

Proposed Intervenors argue that the motion "has been filed as soon as was reasonable and practical upon … recognizing that their interests were impaired and not being represented" (ECF No. 18 at PageID.14). Proposed Intervenors further argue that "[t]here is no bar to intervention post-judgment" and that their motion is timely because they "could not possibly have known the parties would seek to enter a void Consent Judgment" (*id.* at PageID.15).

**Stage of Proceeding.** As to the first factor, "[t]he absolute duration of the litigation matters little to this inquiry; 'the stage of the proceedings and the nature of the case' govern the analysis." *In re Auto. Parts Antitrust Litig.*, 33 F.4th at 901. Relevant here, the Sixth Circuit has observed that courts have permitted intervention "even after final judgment, for the limited purpose of appeal … or to participate in future remedial proceedings[.]" *City of Detroit*, 712 F.3d at 932 (citations omitted).

Plaintiff and Defendants argue that Proposed Intervenors' motion is not timely as it was filed more than four months after this litigation began, and nearly one month after the action was terminated pursuant to a negotiated settlement and Consent Judgment (*see* ECF No. 20 at PageID.19–20; ECF No. 21 at PageID.496–497). Here, the "finish line of litigation" is not "out

of sight" but the final stage of the proceeding has already concluded. *In re Auto. Parts Antitrust Litig.*, 33 F.4th at 901, 906 (finding no abuse of discretion where district court found intervention in settled matter was untimely); *see United States v. BASF-Inmont Corp.*, 52 F.3d 326 (6th Cir. 1995) ("At the time [movant] filed its motion to intervene, only one step in the litigation remained: the district court's approval of the proposed consent decree. This is *the* final stage of the proceeding. Therefore, the district court properly found the first factor to weigh against intervention.") (emphasis in original); *see also, e.g., Michigan Dep't of Env't Quality v. Ford Motor Co.*, 330 F.R.D. 475, 479 (E.D. Mich. 2019) (finding timeliness weighed against intervention where the case was "closed and inactive" after the court entered a final consent judgment and distinguishing *City of Detroit* where "[t]he lack of court involvement up to this point suggests there will be no need for future remedial proceedings"). Accordingly, this factor weighs against finding the motion to intervene timely.

***Purpose of Intervention***. Proposed Intervenors primarily assert constitutional rights to referendum and seek to intervene because the "Township lacked authority or the legislative right to grant a use variance" via the Consent Judgment in this case (ECF No. 18 at PageID.305). As such, the post-judgment motion to intervene is not filed for the limited purpose of an appeal or to participate in future remedial proceedings.

Further, consistent with the Consent Judgment in this case, Michigan appellate courts have repeatedly held that township boards have the authority to enter into consent judgments that are effectively use variances to resolve rezoning disputes concerning individual parcels. *See Green Oak Twp. v. Munzel*, 661 N.W.2d 243, 247 (Mich. App. 2003) ("[T]he effect of the consent judgment is more akin to a use variance, which our Supreme Court has determined is allowable. Specifically, a zoning board has the authority to allow a use in a zoning district that would not

7

otherwise be allowed under an ordinance.") (citing *Mitchell v. Grewal*, 61 N.W.2d 3 (Mich. 1953)); *Inverness Mobile Home Community, Ltd. v. Bedford Twp.*, 687 N.W.2d 869, 874–75, 875 n.2 (Mich. App. 2004) (noting a township board "may by consent judgment agree to grant a use variance" and noting that, as in *Green Oak Twp.*, *supra*, "a use variance that neither result[s] in a change in the zoning ordinance nor contemplate[s] a future change in zoning" does not deprive the public "of the avenues normally available to challenge the adoption of an amended zoning ordinance, including referendum"); *Pulte Land Co., LLC v. Alpine Twp.*, No. 259759, 2006 WL 2613450, at *2 (Mich. App. Sept. 12, 2006) (rejecting intervening defendant's argument that "the consent judgment itself is impermissible because it achieves a result contrary to the referendum" where the consent judgment did not "'impermissibly contract[] away the legislative powers of a future governing body'") (quoting *Inverness*, *supra*).

Therefore, this factor also weighs against finding the motion to intervene timely. *See, e.g., Michigan Dep't of Env't Quality*, 330 F.R.D. at 479 (finding the purpose of intervention weighed against timeliness where "even the most limited form of intervention would require disturbing the Consent Decree and having the parties re-litigate and/or re-negotiate its key provisions").

***Possibility of Intervening Sooner.*** As to this factor, "[t]he first step in the inquiry … is determining the point at which the proposed intervenor knew or reasonably should have known of his interest in the case. Actual or constructive knowledge that one's interests *might* be affected generally suffices." *BASF-Inmont Corp.*, 52 F.3d at *3 (emphasis in original). "More precisely, [the court] ask[s] when the intervenor should have known that the parties in the case would not protect its interests." *In re Auto. Parts Antitrust Litig.*, 33 F.4th at 902.

Plaintiff's argument that it was unaware that its interests would be affected until entry of the Consent Judgment is unpersuasive. For example, it appears that counsel of record for Proposed

Intervenors was involved in the political process prior to the instant suit, advocating on behalf of Nottawa Township citizens (*see* 6/1/22 Letter, ECF No. 20-5 at PageID.448), and that Proposed Intervenors were aware of the lawsuit at the time it was initiated (*see* ECF No. 18 at PageID.305, ¶¶ 22–24; ECF No. 20 at PageID.379; ECF No. 21 at PageID.496–497).[2] As Defendants argue, Plaintiff's requested remedy and the litigation's potential outcome—"build[ing] a Dollar General store on the property"—was clear from the outset of this case (ECF No. 21 at PageID.497–498). In short, there were "multiple triggering points" here that "should have alerted" Proposed Intervenors that they needed to act. *Id.* at 902–03.[3]

Sixth Circuit precedent is clear that "[i]nterested parties should not be able to join at a late stage and re-litigate issues that they watched from the sidelines." *City of Detroit*, 712 F.3d at 932; *see also United States v. Tennessee*, 260 F.3d 587, 593–94 (6th Cir. 2001) ("An entity that is aware that its interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that it is entitled to intervene.") (citing *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 584 n.3 (6th Cir.1982) (applicants "should have attempted to intervene when they first became aware of the action, rather than adopting a 'wait-and-see' approach").

Therefore, this factor weighs against finding the motion to intervene timely.

***Prejudice to the Original Parties.*** As to this factor, courts "consider the prejudice to the original parties due to the failure to intervene earlier", i.e., the "prejudice caused by the delay in intervention, rather than prejudice caused by the intervention itself." *In re Auto. Parts Antitrust Litig.*, 33 F.4th at 905 (citations omitted).

---

[2] Defendants indicate that they "learned of the default" from Proposed Intervenors' counsel (*see* Defs.' Ex. 1, Aff. of Roxanne Seeber, ECF No. 21-1 at PageID.505–510).
[3] Indeed, the parties' filings indicating that settlement was likely and that settlement was merely pending approval of the Board at a public hearing were filed with this Court nearly three months prior to the instant motion (*see* ECF Nos. 12 & 14).

Plaintiff argues that "[a]ll parties would suffer severe prejudice" if intervention is allowed, including damage to the "substantial efforts" of the original parties over 2.5 months to reach agreement "which provide[s] substantial benefits to Defendants and their citizens" (ECF No. 20 at PageID.380; *see also* ECF No. 21 at PageID.497). Plaintiff also argues that it has incurred nearly $400,000.00 in construction costs and contractual liabilities to date and that it would incur nearly $300,000.00 damages in the event of a delay (*id.*; *see* Pl's. Ex. 12, Aff. of Scott Knowlton, ECF No. 20-12 at PageID.487–489).

Here, the prejudice to the original parties is clear, and this factor also weighs against finding the motion to intervene timely.

***Unusual Circumstances.*** The parties do not assert that unusual circumstances relevant to intervention exist, and as such, this factor is neutral.

In sum, and considering each of the factors above, the Court determines that the motion to intervene in this case is untimely. Consequently, the Court need not separately address the remaining intervention-as-of-right elements: whether Proposed Intervenors have a substantial legal interest in the case, whether that interest may be impaired absent intervention, and whether that interest may not be adequately represented by the parties already before the court. *See Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) ("failure to meet one of the criteria will require that the motion to intervene be denied") (citation omitted). Nonetheless, even assuming Proposed Intervenors' motion was timely filed, for the reasons discussed above and as more fully set forth by Plaintiff and Defendants in response (ECF No.20 at PageID.380–383; ECF No. 21 at PageID.498–501), the Court agrees that the remaining elements do not support intervention as of right, and, in its discretion, the Court declines to grant such intervention.

## 2. Permissive Intervention

Rule 24(b)(1) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact," provided the court, in exercising its discretion, "consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

As discussed above, Proposed Intervenors' motion is not timely. Moreover, Proposed Intervenors assert distinct interests than those arising from Plaintiff's Complaint. Proposed Intervenors' argument in this regard is no more than a rehashing of their arguments for intervention of right, which this Court has rejected. The Court, in its discretion, therefore denies Proposed Intervenors' alternative request for permissive intervention. *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018) ("District courts can consider [the mandatory intervention] factors when evaluating permissive intervention motions.").

### B. Proposed Intervenors' Motion for TRO and Preliminary Injunction

Because the Court determines that Proposed Intervenors are not entitled to intervention, either permissive or as a matter of right, Proposed Intervenors' requested relief for a TRO or preliminary injunction is denied as moot. *Ne. Ohio Coal. for the Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (the issuance of injunctive relief lies within the discretion of the district court).

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Proposed Intervenors' Motion to Intervene (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED** that Proposed Intervenors' request for a temporary restraining order and preliminary injunction (ECF No. 18) are DENIED as moot.


Dated:  March 6, 2023                                          /s/ Jane M. Beckering
                                                                              JANE M. BECKERING
                                                                              United States District Judge